UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:23-cv-00105-MR

| | |
|---|---|
| DEVON ARMOND GAYLES, ) | |
| ) | |
| Petitioner, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on the Petition for Writ of Habeas Corpus filed by the Petitioner pursuant to 28 U.S.C. § 2254 on April 18, 2023. [Doc. 1].

**I.    BACKGROUND**

Devon Armond Gayles (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner was convicted of second-degree murder and possession of a firearm by a felon on March 13, 2013. [Doc. 1 at 1]. The Petitioner was sentenced to term of imprisonment of 219-275 months along with a consecutive term of imprisonment of 88-118 months. [Id.].

The Petitioner filed a direct appeal of his judgment of conviction, which the North Carolina Court of Appeals denied on April 1, 2014. [Id. at 2].

On June 13, 2014, the Petitioner filed a post-conviction Motion for Appropriate Review ("MAR") in the Buncombe County Superior Court, which was denied on August 6, 2014. [Id. at 3; Doc. 1-2 at 9].

The Petitioner subsequently filed a second and successive Motion for Appropriate Relief in the Buncombe County Superior Court on June 1, 2015, which was denied on July 7, 2016. [Doc. 1-2 at 8]. The Petitioner filed an "Alternative Writ of Habeas Corpus for Averment of Jurisdiction" in the Buncombe County Superior Court, which was denied on August 2, 2018. [Id. at 3-4; Doc. 1-2 at 7]. On January 6, 2020, the Petitioner filed a "Writ of Habeas Corpus Ad Subjiciendum" in the Rutherford County Superior Court, which was denied on June 3, 2020. [Id. at 4; Doc. 1-2 at 6].

The Petitioner filed his Petition for Writ of Habeas Corpus in this Court on April 18, 2023. [Doc. 1].

## II. STANDARD OF REVIEW

Habeas relief may be granted to a state prisoner if the state court's last adjudication of a claim on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). Alternatively, relief may be granted if the state court's last adjudication of a claim on the merits "resulted in a decision that was based

on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

A petitioner is required to specify all the grounds for relief available to him and to state the facts that support each ground for relief. Rule 2(c), 28 U.S.C. foll. § 2254. Rule 4 of the Rules Governing Section 2254 Cases directs the district court to properly examine habeas petitions and dismiss the petition when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C. foll. § 2254.

## III. DISCUSSION

The Petitioner raises the following grounds in his § 2254 petition: 1) the state court lacked in personam and subject matter jurisdiction to adjudicate a natural person, namely a Moor; 2) the state court denied and deprived the Petitioner of his pre-existing constitutionally secured right to due process; 3) the state court erred by not placing the Petitioner's proper identification/status on the face of its unconstitutional warrant and indictment; and 4) the state court violated the "Treaty of Peace and Friendship of 1787/1836..." [Doc. 1 at 5-14].

The Petitioner alleges that the state court lacked power to act, that its orders and judgments were void, and that it is an "unconstitutional, private corporation, not delegated by Congress." [Id.]. The Petitioner claims that he was denied due process as an "Aboriginal/Indigenous Natural Person, namely a Moor." [Id. at 7]. The Petitioner requests that all "fraudulent instruments as per bill of indictment" and complaints from his state criminal proceeding be dismissed and that he be released from custody. [Id. at 14].

The Petitioner's allegations are vague and conclusory and he fails to set forth any factual basis sufficient to raise a valid claim. The Petitioner's challenge to the state trial court's jurisdiction due to his status as a Moorish American National has been repeatedly rejected by the courts as frivolous. See United States v. Spaulding, 323 Fed. Appx. 236 (4th Cir. 2009)(unpublished)(rejecting argument that court lacked jurisdiction over defendant because of his Moorish American National status); United States v. Burris, 231 Fed. Appx. 281, 282 (4th Cir. 2007)(unpublished)(rejecting "as patently frivolous" the argument by criminal defendant that court lacked jurisdiction because of his status as Moorish American National); United States v. Toader, 409 Fed. Appx. 9, 13 (7th Cir. 2010)(unpublished)(affirming district court's rejection of criminal defendant's jurisdictional challenge due to status as Moorish National as frivolous). Because the

Petitioner raises frivolous claims and fails to set forth any valid claim of relief, the petition shall be dismissed.[1]

The Court notes that Petitioner's Petition is signed "P.Y. El Yahia Bey" who is identified as "Prince Yasin El Yahia Bey, In Proper Persona Suijuris [sic], Public Minister – CAA 22241, Authorize Representative". This appears in the blank for "Signature of Petitioner", not in the location for the signature of an attorney or representative of the Petitioner. It is unclear whether this is some name the Petitioner is assuming for the purposes of this action, or this is some non-attorney purporting to act on Petitioner's behalf. The Court need not resolve this ambiguity, as either way the Petition is dismissed as frivolous. The Court, however, cautions the Petitioner against seeking to pursue any matter under a pseudonym or securing representation by someone who is not an attorney licensed in this Court.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

---

[1] The § 2254 petition also appears to be subject to dismissal as untimely and in violation of the one-year statute of limitations required for filing a habeas petition under 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d)(1)-(2).

wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED**.
2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

Signed: July 11, 2023

Martin Reidinger
Chief United States District Judge